## Case No. 4,780.
### FIFTH NAT. BANK v. LONG.
[7 Biss. 502; [1] 9 Chi. Leg. News, 381; 4 Law & Eq. Rep. 210.]
Circuit Court, N. D. Illinois. July, 1877.

Hitchcock, Dupee & Judah, for complainant.

Mark Bangs, Dist. Atty., for the United States.

BLODGETT, District Judge. The motion made in this case is that the court direct or order the district attorney to enter the appearance of the United States as one of the parties defendant.

The case is really this: The complainant files a bill to foreclose a mortgage made by Long to the complainant. It appears that

---

[1] [Reported by Robert D. Benedict, Esq., and here reprinted by permission.]

[1] [Reported by Josiah H. Bissell, Esq., and here reprinted by permission.]

the United States recovered a judgment at some time after the mortgage in question against Long, so that the United States are judgment creditors of Long, and the complainant is anxious to foreclose the equity of redemption against the United States, as well as against Long. The motion is that the district attorney shall be required to enter the appearance of the United States.

I do not think the court has any power to enter any such order, or to entertain such a motion as that. The district attorney is not so far the officer of the court that the court can compel him to perform an official act for the United States in reference to a matter of this kind. I think—I only make this by way of suggestion—that the court can enter the following order if the complainant wishes it: that the United States shall enter its appearance in this case, and plead, answer or demur to the bill by a given time, and direct that a copy of this order shall be served upon the district attorney, and also upon the attorney general, or some other government officer, and then if the government does not enter its appearance, it will be a question for you to determine whether you will take a default against them or not.

I should be quite inclined myself to think that if the government did not enter its appearance, and the record shall show such a service, inasmuch as the government has entered the arena as a property holder, or rather as a lien holder, that it could be treated like any other person. It is true the old English rule holds that the king cannot be sued in his own court, or the sovereign cannot be sued here in its own court, and that rule is carried so far in England that the king cannot be sued for debt or for trespass, but Mr. Justice Greer, in Elliot v. Van Voorst [Case No. 4,390], seems to think that there may be such a thing as a distinction between the United States as a sovereign in executing its prerogatives of sovereignty, and the United States as a property holder; and I am inclined to give you the rule which I have suggested, but I do not think I can enter an order that the district attorney shall enter the appearance of the United States.

Another suggestion has occurred to me in the matter: that is, inasmuch as this judgment appears from the record of the judgment itself—being a judgment in favor of the United States—to have been rendered in the interest of the internal revenue bureau, perhaps the order had better be served upon the commissioner of internal revenue, the attorney general, and the district attorney.